Judge Lane
stated the caso and delivered the opinion of the court.
Orrich, one of the firm of Orrich & Pendleton, in settling the accounts of the firm, acquired three notes of hand from Gross, indorsed by Tibbatts, which, on May 5, 1834, he assigned to Morris, in trust, to pay the proceeds of one, when collected, in discharge of their debt to the Bank of Pennsylvania, “ and to pay the avails of the other two to such of the creditors of Orrich & Pendleton as within one year from the date of the agreement should become parties thereunto, and consent to take a pro rata assignment." A covenant to this effect was made between Orrich & Morris; no schedule of the names of creditors or of the amount of debts was annexed; but one creditor has become a party to the assignment, and it is not shown at what time.
The plaintiffs having recovered judgment against Orrich & Pendleton at the August term, 1834, bring this bill under section 15 of the act regulating the practice in chancery, charging that no creditor at that time had become a party to the assignment, and claiming it to be fraudulent and void, ask the avails of the notes to be appropriated in satisfaction of their judgments.
The answers assert that the provision in the assignment, that the avails of the notes should be paid to such creditors as should come in within a year and accept a pro rata distribution, was inserted by mistake and released by him as soon as discovered. As this averment does not respond to the bill, and as no proof of its truth is offered, it must bo taken as not true; the case therefore presents the question whether this feature in the assignment, postponing *541 the distribution for a year and withholding the property from the power of creditors for this period, does not impress a fraudulent character upon the transaction.
*It is right for a debtor, in failing circumstances, to provide for the equal distribution of his property among his creditors by assignment to a trustee; and it may be necessary and proper-for the trustee to suspend the distribution for the time required to investigate the extent of debts. But for the,assignee to prescribe a fixed time, longer than is apparently necessary for this purpose, within which no distribution is to be made, and then to direct the payment, not of all his creditors, but such only as make themselves parties to that assignment and consent to accept a pro rata share, enables him to seclude his estate for a limited period from the satisfaction of his debts, and thus hinders or delays his creditors. If he may suspend for a year, he may for a longer time, and it would be difficult to assign limits to such power. Although, in the present case, the parties contemplated nothing but an honest and equal distribution, we can not sustain a transaction so liable to abuse, and so directly against the policy of the law. 5 Ohio, 294.
A question might be raised, whether a creditor instituting proceedings under this section of the statute, acquires a privity, or whether the property is to be distributed among all the creditors. The statute of February, 1835, is designed to secure such equal distribution; but these proceedings were commenced before this statute, and it has been the settled practice on the circuit, to regard bills in chancery, filed under section 15 of the aGt of 1831, as securing a preference to the plaintiff.